# AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Nicholas Bucinell, being first duly sworn, do depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I have been a Special Agent with the Federal Bureau of Investigation (FBI) and have been so employed since March 2024. I am assigned to investigate violations of federal law involving computer crimes, such as malicious computer activity, computer intrusions and Internet Linked fraud schemes within the Dallas Division of the FBI. I have completed approximately 19 weeks of training at the FBI Academy in Quantico, Virgina. During this training, I received instruction in a variety of investigative techniques commonly used in support of a wide range of the FBI's investigative priorities. I have received both formal and informal training from the FBI and other institutions regarding computer-related investigations and computer technology. Currently, I am on a Temporary Duty Assignment in Memphis, Tennessee working on the Memphis Safe Task Force.

2. Prior to my employment with the FBI as a Special Agent, I worked for the FBI as a tactical communicator on the National Response for Weapons of Mass Destruction for approximately five years. As team member I had experience working with computers, databases, and infrastructure management. I was trained to provide communications and networks from anywhere, using cellular, satellite, and fiber optics to send and receive communications from a wide variety of platforms, using my knowledge and experience in network systems, computers, and audio. I have received both formal and informal training from the FBI and other institutions regarding to these network platforms.

3. Based on my training and experience and the facts set forth in this Affidavit there is probable cause to believe that **Willie Keys ("KEYS")** has violated Title 18, United States Code,

Section 115(a)(1)(B), which makes it unlawful for anyone to threaten to assault a federal law enforcement officer with the intent to impede, intimidate, or interfere with the officer while engaged in the performance of official duties or with intent to retaliate against such officer on account of the performance of official duties.

4. The facts contained in this affidavit are based on firsthand knowledge or information learned during this investigation from other law enforcement sources or witnesses related to this investigation. The complaint does not provide each and every detail known by your affiant regarding this investigation but rather provides information necessary to establish probable cause that **KEYS** violated Title 18, United States Code, Section 115(a)(1)(B). Except where indicated, all statements referred to below are set forth in substance and in part, rather than verbatim.

**Incident**

5. On Wednesday, February 18, 2026, at approximately 1803 hours, Memphis Police Department (MPD) Dispatch was notified of an assault on a National Guard Sergeant. At approximately 1815 hours, Homeland Security Investigations (HSI) Special Agent (SA) Miller, along with Memphis Police Department (MPD), and other Airways Task Force members arrived on scene at Lou's Liquor, located at 2398 Park Avenue Memphis, Tennessee ("LOCATION").

6. SA Miller was told the Suspect, Willie KEYS , date of birth ("DOB"), 12/21/1959, was detained in the back of an MPD police car.

7. VICTIM was assigned to the Memphis Safe Task Force (MSTF) under Title 32 Orders and is cross designated federally with the United States Marshall's Service. VICTIM's Tennessee National Guard unit is the Regimental Fires 278 ACR.

8. VITICM was interviewed by SA Miller who provided the following details:

9. VICTIM contacted KEYS while KEYS was inside LOCATION. KEYS appeared to be intoxicated and was arguing with other patrons of the business – which was causing a disturbance. When VICTIM told KEYS to leave the premises, KEYS began to walk southbound away from LOCATION and towards Park Avenue. Another National Guard Specialist (WITNESS) was also present with VICTIM at this time.

10. KEYS said to VICTIM, "You bitches are gonna find out" and then threatened to kill VICTIM. VICTIM believed KEYS threat to be credible. Following the verbal threats, KEYS lunged towards VICTIM with his arms spread like he was going to tackle VICTIM. VICTIM was able to get KEYS to the ground and detain him in handcuffs without any additional or escalated use of force. VICTIM believed he would have been engaged in a potential physical altercation had he not subdued and detained KEYS.

11. WITNESS confirmed he was present and heard KEYS utter the verbal threats and saw VICTIM detain KEYS.

12. MPD Officers attempted to interview KEYS. KEYS refused to give a statement.

13. There were exterior-facing cameras at LOCATION but none of them were working, nor do they record surveillance footage that could be used for evidentiary value.

**Law Enforcement Officer's Uniforms**

14. During this incident, all law enforcement officer's clothing identified as Law Enforcement. More Specifically, the National Guard Officers wore full military uniforms with "US Army" and rank displayed.

Photo of an Officer Involved in Arrest



**Injuries Sustained**

15. Neither VICTIM or KEYS needed medical attention.

**Western District of Tennessee Jurisdiction**

16. The aforementioned incident occurred at 2398 Park Avenue Memphis, Tennessee ("LOCATION"). This LOCATION is in the Western District of Tennessee.

SUBJECT

17. Willie KEYS is black male, with black hair and brown eyes. KEYS is approximately 5'4" and 120 pounds.



**Conclusion**

18. Based on my investigations, I believe there is probable cause to believe that Willie **KEYS** committed the criminal violation as set forth in this criminal complaint and respectfully request that the Court issue an arrest warrant

Respectfully submitted,

Nicholas Bucinell

Nicholas Bucinell
Special Agent, Federal Bureau of Investigation

Sworn to and subscribed to me by telephone on February 19, 2026.

s/ Charmiane G. Claxton

Hon. Charmiane G. Claxton
United States Magistrate Judge
Federal Bureau of Investigation